JS 44C/SDNY
REV.
10/01/2020

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Darryl C. Carter

DEFENDANTS
Keechant L. Sewell, Police Commissioner, NYPD
Kathy Hochul, Governor of New York
Letitia James, Attorney General of New York

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
(201) 781-5216

ATTORNEYS (IF KNOWN)
Unknow for defendant Sewell
Letitia James for governor Hochul and State of New York

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Challenge to NYC gun rights restrictions unreasonably burdening the second amendment. Injunctive and declaratory relief sought.

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑    Judge Previously Assigned
NONE

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed.  No ☐  Yes ☐  If yes, give date n/a_____ & Case No. n/a_____

Is THIS AN INTERNATIONAL ARBITRATION CASE?    No ☒    Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

|  | TORTS |  | ACTIONS UNDER STATUTES |
|---|---|---|---|

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446  AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PERSONAL INJURY**

[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

[ ] 880 DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT

[ ] 490  CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[x] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 0    OTHER costs

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE none _____    DOCKET NUMBER n/a_____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)*

**ORIGIN**

[x] 1 Original Proceeding   [ ] 2 Removed from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from (Specify District)   [ ] 6 Multidistrict Litigation (Transferred)   [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Darryl C. Carter, 1734 Webster Avenue, Bronx, NY 10457, Bronx County.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

keechant l. sewell, 1 police plaza, new york, ny 10038, new york county

kathy hochul, nys state capitol building, albany, ny 12224, albany county

letitia james, office of the attorney general, the capitol, albany, ny 12224-0341, albany county

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

DOES 1-25 in and around bronx, ny, bronx county.

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 02/07/23

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo. _____ Yr. _____)
Attorney Bar Code #

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Darryl C. Carter



Plaintiff(s)

- v -                                                          **RULE 7.1 STATEMENT**

Keechant L. Sewell et al.,


                                                              _____
Defendant(s)                                                  Case Number
_____


Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for

 Darryl C. Carter


(a private non-governmental party or intervenor) certifies the following:


**Part I**

Complete this portion in all cases.

Identify any corporate affiliates, subsidiaries, and/or parent corporation and any publicly held
corporation owning 10% or more of the stock of any non-governmental corporate party or
intervenor.  If there are no such corporations, the form shall so state.


 Nothing to report and plaintiff understands the need to amend this statement should
 something change.

1

**Part II**

Complete this portion only if jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332(a).

Name and identify the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor for purposes of establishing jurisdiction based upon diversity of citizenship (note: the citizenship of an L.L.C. is the citizenship of each of its members).

N/A

2/7/23

Date

_____
Signature of Attorney

_____
Attorney Bar Code

Note – This form is required to be filed when the action is filed in, or removed to, federal court, and when any later event occurs that could affect the court's jurisdiction under 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL C. CARTER,

                              Plaintiff,

              -against-

GARY JENKINS, et al.,

                              Defendants.

22-CV-10326 (UA)

ORDER GRANTING IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C.

§ 1915.

SO ORDERED.

 Dated:     December 7, 2022
            New York, New York

                                                    /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                               Chief United States District Judge

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Darryl C. Carter | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Keechant L. Sewell | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Keechant L. Sewell
Police Commissioner NYPD
1 Police Plaza
New York, NY 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

|  |  |  |
|---|---|---|
| Darryl C. Carter | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Kathy Hochul | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Kathy Hochul
Governor State of New York
NYS State Capitol Building
Albany, NY 12224

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                             *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                                      .

❏ I personally served the summons on the individual at *(place)*

on *(date)*                          ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                       , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)*                                      , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                          ; or

❏ I returned the summons unexecuted because                                      ; or

❏ Other *(specify):*

My fees are $                     for travel and $                     for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Darryl C. Carter | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| Letitia James | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Letitia James
Attorney General New York
Office of the Attorney General, The Capitol
Albany, NY 12224-0341

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



**United States District Court**
**Southern District of New York**
*Pro Se Office*

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Darryl C. Carter v. Keechant L. Sewell et al., (submitted Feb. 7, 2023, no case # yet)

| | | | |
|---|---|---|---|
| Carter, Darryl, C | | | |
| Name (Last, First, MI) | | | |
| 1734 Webster Avenue | Bronx | NY | 10457 |
| Address | City | State | Zip Code |
| (201)781-5216 | | dcclawinfo@proton.me | |
| Telephone Number | | E-mail Address | |
| February 7, 2023 | | | |
| Date | | Signature | |

**Return completed form to:**

Pro Se Office (Room 200)
500 Pearl Street
New York, NY 10007

Darryl Carter
1734 Webster Ave
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for PLAINTIFF*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL C. CARTER, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DELARATORY AND INJUNCTIVE RELIEF** |
| vs. | |
| | U.S. Constitution Amendment II (Right to Bear Arms) |
| Keechant L. Sewell *Police Commissioner New York City Police Department*; Kathy Hochul *Governor of New York State;* Letitia James *Attorney General of New York State* | 28 U.S.C. § 2201 |
| Defendants. | |

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

TABLE OF CONTENTS

PARTIES.................................................................................................2

JURISDICTION AND VENUE............................................................3

FACTUAL BACKGROUND.................................................................3

CAUSES OF ACTION.........................................................................9

COUNT I
(U.S. Constitution Amendment II)
(42 U.S.C § 1983 )
(Declaratory Relief; Injunctive Relief)................................................9

PRAYER..............................................................................................13

# PARTIES

1.

Darryl C. Carter is a natural person and the plaintiff in this action. Plaintiff's current address is 1734 Webster Ave, Bronx, NY 10457.

2.

Defendant Ms. Keechant L. Sewell is the *Police Commissioner of the New York City Police Department*. Ms. Sewell's headquarters address is: 1 Police Plaza, New York, NY 10038. Ms. Sewell is sued in her **OFFICIAL** capacity. Defendant Letitia James is the *Attorney General of the State of New York*. Ms. James principle address is: Office of the Attorney General, The Capitol, Albany, NY 12224-0341. Defendant is sued in her **OFFICIAL** capacity. Defendant Governor Kathy Hochul is the Governor of New York whose address is: *Governor of New York State*, NYS State Capitol Building Albany, NY 12224. Defendant Governor Hochul is sued in her **OFFICIAL** capacity.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

3.

Upon information and belief, defendants DOES 1-25 are social network actors who have links/ties/connections/affiliations with one or more federal and/or state public officials who actively have sought to stalk, harass, and threatened to bodily injure and/or kill plaintiff.

## JURISDICTION AND VENUE

4.

Plaintiff brings this action per 28 U.S.C. § 1331. Venue is appropriate per 28 U.S.C. § 1391 (b) (1).

## FACTUAL BACKGROUND

5.

New York City is a metropolitan area which includes the five (5) boroughs: Manhattan, Bronx, Brooklyn, Queens, Staten Island. According to a Fox News article, dated May 18, 2020 @ 12:48 EDT, New York City, three (3) decades ago was the criminal capital of the world.

6.

According to the U.S. Census Bureau on or around July 1, 2021 the population of New York City was approximately 8,467,513. According to the world population review, New York City as of 2023 has a population of 8,992,908.

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

According to a CNN article dated December 21, 2022 @ 2:32 pm: "[A]n NYPD crime statistics report also notes that as of December 18, overall crime this year in major categories (including murder, rape, robbery, assault, burglary, and grand larceny) has increased by 23.5% since last year."

7.

*Nino Bosaz* of Athlon Outdoors quoted to Fox News[1], ante, "**New York City is one of the most restrictive CCW jurisdictions in the country, and it is very hard to get. On average it takes between six and nine months.**" *Nino Bosaz* further quotes to Fox News, ante, ""The initial application usually results in a denial that must then be appealed. **The city does not generally recognize an individual right to carry outside the home, and tie the carry license to a business**, where the applicant must prove a 'justifiable need' to carry concealed."

8.

On June 23, 2022, the United States Supreme Court issued its decision per *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. ___ (2022), in which it held: "New York's proper-cause requirement violates the Fourteenth Amendment by preventing law-abiding citizens with ordinary self-defense needs from exercising their Second Amendment right to keep and bear arms in public for

---

1   See, https://www.foxnews.com/us/what-does-it-really-take-to-get-a-concealed-carry-permit-in-new-york-city, last visited, February 7, 2023.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

self-defense." Following *Bruen*, New York, at the direction or inspiration of Governor Hochul, reassembled and passed a new law further restricting gun rights, which went into effect as of September 1, 2022.

9.

According to public[2] information published by New York attorney general Letitia James: "In the wake of the Court's decision in Bruen, New York's lawmakers were called back to Albany for a special session to pass new legislation clarifying and enhancing New York's many public-safety-oriented protections for handgun licensing in a manner consistent with the Supreme Court's decision. **On July 1, 2022, Governor Hochul signed landmark legislation expanding restrictions on access to guns in the state**."

10.

Penal (PEN) CHAPTER 40, PART 3, TITLE P, ARTICLE 265 in particular § 265.01-e, Titled, "Criminal possession of a firearm, rifle or shotgun in a sensitive location," enumerates a number of limitations and/or restrictions on the possession of a firearm, including individual with a lawful CCW license who are NOT non-law enforcement or security guard related. Section (k) reads, of said section, ante, reads: "(k) **homeless shelters**, runaway homeless youth shelters, family

---

2   See, https://ag.ny.gov/new-york-gun-laws , last visited February 5, 2023 @ 7:17 pm.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

shelters, **shelters for adults**, domestic violence shelters, and **emergency shelters**, and residential programs for victims of domestic violence." Plaintiff CARTER resides in a "Shelter for adults," more commonly referred to as "Transitional shelter." This section provides no individual exception. Plaintiff has been involved in and continues to be involved in multi-year government litigation which is the cause of plaintiff's living conditions.

11.

The power to issue a CCW license in New York City is delegated to the New York City Police Commissioner *e.g.* Defendant Sewell. According to the NYPD firearm licensing website[3], "As of January 1, 2018, the NYPD License Division will only be accepting on-line applications for handgun licenses, rifle/shotgun permits, and renewals.  Applications on paper will no longer be accepted." The fee listed on said site, in this paragraph, is $340.00 is non-waivable and non-refundable. On same NYPD firearm licensing website, ante, NYPD lists the following License and Permit types:

"***PREMISES LICENSE***: *This is a restricted type of license. It is issued for your residence or business. The Licensee may possess a handgun ONLY on the premises of the address indicated on the front of the license. Licensees may also transport their handguns and ammunition in separate locked containers, directly to and from an authorized range or hunting location.  (For hunting, an*

---

3   See, https://licensing.nypdonline.org/new-app-instruction/, last viewed February 5, 2023 @ 7:40 pm.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*endorsement from NYPD License Division is required, in addition to a New York State hunting license).  Handguns must be unloaded while being transported.*

***CARRY BUSINESS LICENSE****: This license permits the carrying of a handgun concealed on the person. It is valid for the business name, address, and handguns listed on the license. It is not transferable to any other person, business, occupation, or address, without the written approval of the License Division's Commanding Officer. This license may also be issued for safety reasons unrelated to business.*

***LIMITED CARRY BUSINESS LICENSE****: This is a restricted type of license. The licensee may only carry handguns indicated on the license in accordance with the specific limitations listed thereon. At all other times, the handgun must be safeguarded within the confines of the address listed on the front of the license, either concealed on the licensee's person in a proper holster or stored unloaded in a locked safe.*

***SPECIAL CARRY LICENSE****: The Special Carry License is valid for the business name, address and handguns listed on the license, only while the licensee has in his possession a valid carry county license issued according to the provisions of article 400 of the N.Y.S. Penal law. Upon the revocation, suspension, or cancellation of the basic county license, the Special Carry License is rendered void and must be immediately returned to the License Division. (For Retired Law Enforcement officers who wish to apply for a Special Carry handgun license, follow the instructions listed below-"INSTRUCTIONS FOR LAW ENFORCEMENT (NON-NYPD) RETIREES WHO RESIDE OUTSIDE OF NEW YORK CITY").*

***CARRY GUARD LICENSE****: (security guards, etc.) This is a restricted type of license. Applications for this type of license must be made with the documentation provided by a company's gun custodian. It is issued only for the handgun listed on the license. The handgun may be carried only while the licensee is actively engaged in employment for the company whose name appears on the license and/or while licensee is in transit directly to or from residence and place of employment. At all other times, the handgun must be stored unloaded in a locked*

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*container, at either the address on the license or at the employee's legal residence (within the State of New York).*

**RIFLE/SHOTGUN PERMIT**:
*This permit is issued for the possession and purchase of rifles and shotguns.*

**LAW ENFORCEMENT RETIREE LICENSE**:
*This type of license is for retired Law Enforcement Officers."*

12.

None of the NYPD License and Permit types specifically delineate CCW for an individual outside of his home or to/from his place of business. Moreover, on same NYPD License website, ante, NYPD states, "Within approximately **six months of receipt of your handgun application**, and all required documents/forms, you will receive a letter informing you whether your application was approved."

13.

On or around January 23, 2023, plaintiff submitted a complaint to the NYPD related to death threats, threats of violence, serious bodily injury, and harassment against plaintiff related to the, herein, mentioned government litigation involving plaintiff. Moreover, on February 5, 2023 plaintiff's sent a message to Governor Hochul regarding issues with said litigation, ante, therein mentioning the probability of someone getting seriously injured or killed due to issue with **New**

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**York Penal Code §§ 120.45; 120.50 ¶ 3; 250.05**. Even after transmission of said correspondence, the problems with said Penal Code sections persisted which again are related to the litigation, ante, with the government involving plaintiff.

14.

# CAUSES OF ACTION
## COUNT I
### (U.S. CONSTITUTION AMENDMENT II)
### (42 U.S.C § 1983 )
### (DECLARATORY RELIEF; INJUNCTIVE RELIEF)
### (Asserted Against Kathy Hochul Governor of New York, Letitia James New York Attorney General, Keechant L. Sewell Police Commissioner of the New York City Police Department, DOES 1-25)

15.

Plaintiff alleges and incorporates ¶¶ 1- 13 as though fully set forth herein.

16.

Following the Supreme Court *Bruen* decision, Defendant Governor Hochul ushered-in/directed/encouraged a special session to further restrict New York gun rights (including CCW), after the Supreme Court *Bruen* decision struck down one element or part of the New York gun rights law. Defendant Attorney General ("AG") James' public position on gun rights is and/or has been restrictive. Moreover Defendant AG James is responsible for the enforcement of New York gun laws. The State of New York has delegated gun rights licensing and permits

9

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

for individuals residing in the Metropolitan New York area (five Burroughs) to

NYPD Police Commissioner Sewell.

17.

Plaintiff lives in an adult shelter which is prohibited from gun ownership or

possession, as a client of such facility. Moreover, plaintiff's financial position

precipitated from bad faith litigation, with non-related third parties, has caused and

continues to cause extreme financial losses on plaintiff's end which prevent

plaintiff from paying the mandatory and required $340 license and permit fee to

process an online only NYPD CCW application. The NYPD CCW online only

application does not accept nor provision for the waiver of the mandatory $340

fee.

18.

Even absent the NYPD CCW $340 license and permit fee constraint, on

plaintiff's part, New York City and/or the State of New York generally does not

recognize a right to carry outside of the home or business. And furthermore,

private businesses are not required to post restrictions on CCW holders who may

carry a CCW weapon onto the facilities of a private businesses; consequently, a

CCW holder carrying a weapon onto a private businesses could be charged with a

felony for possession of a CCW weapon, unbeknownst to him/her since the private

business is not required to publicly post its restrictions on CCW carrying

10

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

individuals onto their private property. Plaintiff visits a number of private

businesses from Starbucks, to 7-Eleven to any number of privately owned grocery

stores which the possession of a CCW could have plaintiff charged with a felony

even if in possession of a legally authorized CCW license/permit.

19.

Plaintiff has become a target of political harassment and threats to his life.

Even if Plaintiff did not have the financial constraint of $340 and did not live in a

prohibited ownership/carry facility *e.g.* adult shelter, etc., NYPD has maintained

that it would take several months, on average six (6) months or more, to process a

CCW license permit application submitted by plaintiff. During the time to process

plaintiff's NYPD CCW application, plaintiff could easily be further targeted and

killed waiting for NYPD to approve a CCW application, which they routinely

DENY on first instance. After such first instance denial, as is routine, the NYPD

CCW appeals process kicks in which involves more time with delays and

additional costs further increasing the likelihood of injury or death to plaintiff by

individuals working with and/or affiliated with federal and/or state public officials.

20.

Plaintiff seeks a declaration that NYPD and/or New York State CCW laws

provide so many restrictions such as to invalidate the right to carry including CCW

for the purposes of self-defense. Plaintiff seeks a declaration that NYPD and/or

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

New York State's gun laws linking a CCW license/permit to a business, connected to the licensee, unduly burdens the Second Amendment and is unconstitutional. Plaintiff further seeks a declaration that he cannot rely on the NYPD to provide him self-defense day-in and day-out as such would place an unreasonable burden on the NYPD. Plaintiff further seeks a declaration that the NYPD CCW application process is unduly burdensome, time consuming, and costly such as to discourage one from pursuing the right to bear arms. Plaintiff, once more, seeks a declaration that the State of New York intentionally sought to further restrict gun rights laws in response to *Bruen* which unduly burdens the Second Amendment and is unconstitutional.

21.

Plaintiff seeks to enjoin the enforcement of New York gun rights laws including Penal (PEN) CHAPTER 40, PART 3, TITLE P, ARTICLE 265 in particular § 265.01-e, and in particular section (k) thereof. Additionally, plaintiff seeks to enjoin the enforcement of the mandatory $340 fee and thereby providing a waiver. Plaintiff further seeks to enjoin against the enforcement of any mandatory time frame to process a NYPD gun permit/license *e.g.* six (6) months, etc., and to provision for a fast track application for those individuals seeking an immediate need for a CCW permit/license for self-defense.

22.

12

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants and others as follows:

**<u>Regarding the first claim of relief (Second Amendment Right to Bear Arms):</u>**

1.      Plaintiff seeks a declaration that NYPD and/or New York State CCW laws provide so many restrictions such as to invalidate the right to carry including CCW for the purposes of self-defense. Plaintiff seeks a declaration that NYPD and/or New York State's gun laws linking a CCW license/permit to a business, connected to the licensee, unduly burdens the Second Amendment and is unconstitutional. Plaintiff further seeks a declaration that he cannot rely on the NYPD to provide him self-defense day-in and day-out as such would place an unreasonable burden on the NYPD. Plaintiff further seeks a declaration that the NYPD CCW application process is unduly burdensome, time consuming, and costly such as to discourage one from pursuing the right to bear arms. Plaintiff, once more, seeks a declaration that the State of New York intentionally sought to further restrict gun rights laws in response to Bruen which unduly burdens the Second Amendment and is unconstitutional.

2.      Plaintiff seeks to enjoin the enforcement of New York gun rights laws including Penal (PEN) CHAPTER 40, PART 3, TITLE P, ARTICLE 265 in particular § 265.01-e, and in particular section (k) thereof. Additionally, plaintiff

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

seeks to enjoin the enforcement of the mandatory $340 fee and thereby providing a waiver. Plaintiff further seeks to enjoin against the enforcement of any mandatory time frame to process a NYPD gun permit/license e.g. six (6) months, etc., and to provision for a fast track application for those individuals seeking an immediate need for a CCW permit/license for self-defense.

**Regarding all claims for relief:**

1.     An order for all defendants to pay any and all of plaintiff's costs pursuant this action, including attorney fees, to the extent incurred, pursuant the work expended for this action.

2.     Equitable recovery of plaintiff's time pursuing this action.

3.     Any further relief that the Court deems just and proper.


DATED: February 7, 2023

Darryl Carter

---

14

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Case 1:23-cv-01130-LM Document 1 Filed 02/07/23 Page 27 of 42

Login    Watch TV

CORONAVIRUS  ·  **Published** May 18, 2020 12:48pm EDT

# Here's why a New York City concealed carry permit is almost impossible to obtain

By Hollie McKay | **Fox News**



**Mayor de Blasio: New York City will likely see more revenue losses without a stimulus**

New York City Mayor Bill de Blasio discusses why the state needs over $7 billion in the coronavirus stimulus package on 'Sunday Morning Futures.'

**Get all the latest news on coronavirus and more delivered daily to your inbox. Sign up here.**

Three decades ago, it was the crime capital of the world.

Now, New York City – spanning the five boroughs of Manhattan, Brooklyn, Bronx, Queens and Staten Island – has become a mere shadow of its former self, as the coronavirus forces the population into lockdown. While overall crime rates initially fell in March, rebellion throughout May has steadily spiked, and concerns of a return to the heyday are emerging — but some bemoan that it is only the criminals who have handguns.

2/7/23, 2:50 PM
What does it really take to get a concealed-carry permit in New York City? | Fox News
Case 1:23-cv-01139-LLA Document 1 Filed 02/07/23 Page 28 of 42

So, how hard is it for a regular New Yorker to obtain a concealed carry permit (CCW)? Next to impossible.

"New York City is one of the most restrictive CCW jurisdictions in the country, and it is very hard to get. On average it takes between six and nine months. It's recommended that one use an attorney who is experienced in the process," Nino Bosaz, the New York-based editorial director of Athlon Outdoors, told Fox News. "The initial application usually results in a denial that must then be appealed. The city does not generally recognize an individual right to carry outside the home, and tie the carry license to a business, where the applicant must prove a 'justifiable need' to carry concealed."

## PUBLIC HEALTH VERSUS PUBLIC SAFETY: CONFUSION LOOMS AS SEX OFFENDERS ARE RELEASED FROM INCARCERATION ACROSS THE COUNTRY

And what exactly constitutes a "justifiable need?" There are really only three ways for a law-abiding New York City resident to obtain a CCW handgun license, experts note.

"No. 1 is proof that you regularly carry a significant amount of cash or jewelry as part of your business and can document it to the NYPD's satisfaction," Bosaz explained. "No. 2 is a recent, documented death threat that NYPD deems credible. The death-threat justification seems to be a completely subjective decision that many observers would make different conclusions on."



A New York City Police Dept. Crime Scene Unit and officers assemble at an entrance to Morningside Park along Manhattan's Upper West Side, on Dec. 12, 2019, in New York. An 18-year-old Barnard College freshman, identified as Tessa Majors, was fatally stabbed in the park, sending shock waves through the college and wider Columbia University community. (AP Photo/Richard Drew)

No. 3, Bosaz says, is to be what the governing authority classified as a celebrity.

CCWs in New York City operate under a "May Issue" directive, which means that the granting of a pistol license is entirely at the discretion of the issuing officer. Moreover, New York City neither acknowledges permits and licenses from other states, nor those issued in any other county in New York state.

According to the United States Concealed Carry Association (USCCA), concealed carry is only permissible with a New York Pistol License (NYPL), which requires the permit holder to be at least 21 years old – with the exception of honorably discharged military members who can be any age – and are deemed to be of good moral character, not the subject of a protective court order, and who have not been treated for mental illness.

Lou Palumbo, owner & CEO of New York-based The Elite Intelligence and Protection Agency, underscored that over the past few decades, anti-gun officials are increasingly resting on national mass shooting tragedies as a reason to approve fewer CCWs.

"It has become increasingly more difficult to provide justification to obtain a concealed weapons permit. The momentum or trend started to manifest itself during the Clinton administration, where laws governing the possession of weapons, in general, began to tighten," he explained. "A much broader discussion needs to be in place."



A man drawing his modern polymer (Glock) .45 caliber pistol from an IWB (inside the waistband) holster under his leather jacket. (iStock)

2/7/23, 2:50 PM                    What does it really take to get a concealed carry permit in New York City? Bureaucracy makes it almost impossible to obtain | Fox News

Case 1:23-cv-01139-LM   Document 1   Filed 02/07/23   Page 30 of 42

Initial applications are only accepted online, and follow-up interviews are scheduled from there if one makes it through that first hurdle. If a person gets denied, the application fee (currently $340) is non-refundable.

## NEW YORK, NEW JERSEY ALLOW CORONAVIRUS-INFECTED HEALTH CARE WORKERS TO TEND TO SICK, ELDERLY AFTER JUST 7 DAYS

The whole protocol is not by any means in keeping with the Second Amendment, Bosaz says, pointing out that "the fees are exorbitant, and that authorities require you to answer intrusive questions unrelated to the exercise of a civil right and you need the OK of people you may live with."

"No other civil right is so burdened. One can be denied for frivolous things such as excessive unpaid parking tickets," he continued.

It is unclear exactly how many CCWs are currently valid in New York City, and the city does not provide readily available statistics. However, a combing of public records by The New York Times in 2011 found that about 4,000 people had permits to carry concealed handguns citywide. The vast majority tended to be retired cops, active security guards and business owners who handle significant amounts of cash, along with a few well-to-do famous names.

Indeed, some say it does help to have some fame, a lot of fortune and be friends with the mayor or in a position of power.

Earlier this year, Brooklyn Borough President Eric Adams announced in a podcast interview with FAQ NYC that he would carry a gun and dismiss his security detail if elected the next mayor of New York City, proclaiming that the mayor should "be walking the street by himself."

Adams, a retired NYPD officer coupled with being part of the city's top brass, is one of the few residents who typically qualify for a CCW in the Big Apple. Other public figures, including Robert De Niro and Howard Stern, have long been rumored to also have concealed permits, along with former Manhattan resident-turned-president, Donald Trump.

2/7/23, 2:50 PM

Case 1:23-cv-01139-LLA Document 1 Filed 02/07/23 Page 31 of 42

Released? Why New York City concealed-carry permits almost impossible to obtain | Fox News



Matt Stonie, right, reigning hot dog-eating champion, stares down eight-time champion Joey Chestnut during the official weigh-in for Nathans Famous hot dog eating contest, Friday, July 1, 2016, in New York. Brooklyn Borough President Eric Adams stands between the men. (AP Photo/Mary Altaffer) (The Associated Press)

And with much of the city still shuttered for the pandemic and hundreds of inmates released from Rikers Island over fears of further spreading COVID-19, it's unclear precisely how crime trends will shift in the coming weeks.

Shootings, burglaries and auto thefts at New York's public housing complexes have soared during the coronavirus lockdown, the New York Post reported, with auto thefts rising 38 percent in the month ending May 10, while shootings and burglaries have spiked 17 percent. However, the other five major crime categories – murder, rape, robbery, grand larceny, and felony assault – remained stable or dropped.

Across New York in April, car thefts skyrocketed a whopping 49 percent compapred to the previous April, Bloomberg noted, while burglaries jumped 26 percent.

**CLICK HERE FOR THE FOX NEWS APP**

But the issue of overturning the stringent CCW legislation remains ripe for debate, attracting a bevy of concerns from gun control groups who contend that legislation that would lead to more CCWs is a recipe for disaster. On the other end of the spectrum, Second Amendment experts vow that those city laws are a flagrant violation of every American's constitutional rights — and it is time to make a move on it.

# Understanding Recent Changes to New York's Gun Laws

## *Background*

On June 23, 2022, in a 6-3 ruling, the U.S. Supreme Court struck down part of New York's concealed carry law, a provision requiring an applicant to show "proper cause" in order to obtain a license to carry a concealed handgun outside their home. (New York does not allow handguns to be carried openly at all, and that restriction was not challenged in the case.) The Court's decision in **New York State Rifle & Pistol Association v. Bruen** removed a key element of New York's gun laws, making it easier to obtain a license to carry a firearm in New York's public spaces. In its wake, on July 1, 2022, New York Governor Kathy Hochul signed into law new legislation strengthening the state's gun laws.

## What did the Supreme Court hold and why?

> The Court ruled that the 109-year-old provision violated the Second Amendment, holding that States may not require otherwise responsible and law-abiding citizens to show "a special need for self-defense" in order to qualify for a license to carry a handgun outside the home. (p. 30). A license to carry a handgun may be denied for other reasons specific to an applicant's background, character, or ability to use a firearm properly, but not for lack of a special need for self-defense.

> The Court's opinion focused primarily on history, relying on its view that there was no precedent for similarly restrictive laws limiting people's ability to carry handguns in public for the purpose of self-defense when the Second Amendment was ratified. Consequently, the Court ruled that New York's proper-cause requirement was not part of a "historical tradition" defining the "outer bounds of the right to keep and bear arms." (p. 10).

## What does the Supreme Court's decision do to gun safety in New York State?

> **The decision does not invalidate New York's handgun licensing requirement.** The proper-cause requirement the Court invalidated was just one requirement for obtaining a concealed carry license in New York. The rest of the licensing regime remains in force and is being updated to clarify the eligibility criteria for acquiring a license to carry a concealed handgun in public in this State.

> **The Supreme Court endorsed many of the licensing criteria common to New York and the less strict, "shall issue" jurisdictions.** (In a "shall issue" state, licensing authorities are required to issue a concealed carry license if an applicant satisfies certain threshold criteria defined by statute.) The Supreme Court made clear that States may continue to enforce requirements that ensure concealed carry licenses are issued only to law-abiding, responsible individuals. (p. 30). The majority opinion and concurring opinions specifically mention fingerprinting, background checks, checks of

mental-health records, and firearm training courses as a non-exhaustive list of preconditions that States may enforce for obtaining such a license.

## What kinds of restrictions on public carry remain presumptively permissible?

> **Carrying guns may be prohibited in "sensitive places" like schools and government buildings.** It remains "settled" that the Second Amendment allows restrictions on carrying guns in "sensitive places" like schools, government buildings, courthouses, and polling sites. (p. 21). The Supreme Court acknowledged that similar restrictions may be imposed for "new and analogous sensitive places." (p. 21). However, the Court warned that an entire geographic area, such as the whole "island of Manhattan," could not be declared a "sensitive place" solely on the ground that it is crowded and well-policed. (p. 22). Consistent with this, the state legislature and municipal authorities may expand the list of specific public spaces where carrying handguns and other weapons is prohibited.

> **Licenses may still be required for carrying handguns in public, and those licenses may be reserved only for responsible, law-abiding individuals.** Fingerprinting, background checks, mental-health checks, and training courses all remain presumptively permissible. (p. 30).

> **Dangerous or unusual weapons may be subject to further restrictions.** The Court did not define what a dangerous or unusual weapon may be, leaving some ambiguity on this point, but certain restrictions remain presumptively permissible. (p. 38).

> **Carrying guns with unlawful intent may be prohibited.** While the Court held that the Second Amendment protects a law-abiding citizen's right to carry a concealed handgun in public for lawful self-defense purposes, restrictions on carrying guns with unlawful intent remain presumptively permissible. (pp. 29, 62).

> **Financial incentives for responsible arms carrying may be devised.** (p. 51).

> **Private parties may restrict guns on their own property.** Nothing in *Bruen* requires private parties to allow guns into their own homes or businesses if they do not want them there.

### *Enhancing New York's Gun Laws in the Wake of Bruen*

In the wake of the Court's decision in *Bruen*, New York's lawmakers were called back to Albany for a special session to pass new legislation clarifying and enhancing New York's many public-safety-oriented protections for handgun licensing in a manner consistent with the Supreme Court's decision. On July 1, 2022, Governor Hochul signed landmark legislation expanding restrictions on access to guns in the state. **You can read the law here.**

> **Sensitive Places:** The new measures build on the constitutional carveout for protecting "sensitive places," barring the carrying of firearms in specific public settings, such as: colleges and universities, hospitals, houses of worship, public transportation, including subways, places where alcohol is consumed, homeless shelters and other public residential facilities, entertainment venues, such as stadiums, theaters, casinos, and polling places, and places where children gather, such as schools, daycare centers, playgrounds, libraries parks and zoos.

> **New Eligibility Requirements:** The new law adds requirements for New Yorkers applying for a concealed carry permit, including presenting a certificate of completion of a standardized firearm training and firing range training. Only applicants deemed to have "good moral character" and sufficient mental competence—a determination based on an in-person interview, a written exam and character references—will be eligible for a concealed carry permit. Applicants may be disqualified by past illicit behavior, including misdemeanor convictions for weapons possession and menacing (placing another person in fear of death or serious injury). Applicants who are denied a permit following this process may appeal.

> **Safe Storage, Background Checks and Body Armor:** The new law also imposes new safe storage requirements, for example, prohibiting gun owners from leaving a firearm in a car unless stored in a lockbox with ammunition removed, and requiring safe gun ownership in a home where someone under 18 resides. Additionally, New York's new law allows the State to conduct and exercise oversight over background checks for firearms, beyond those maintained by the FBI, which lack access to state- and local-owned databases. Finally, the law expands the scope of bullet-resistant protective equipment prohibited in New York, for example, the steel-plated vest worn by the shooter in the Buffalo, New York.

## *Additional Resources*

**Governor Kathy Hochul:** Governor Hochul Signs Landmark Legislation to Strengthen Gun Laws and Bolster Restrictions on Concealed Carry Weapons

**Legislation S.51001/A.41001:** Restricts the Carrying of Concealed Weapons in List of Sensitive Locations

**New York State Office of the Attorney General:** Attorney General James Vows to Protect New Yorkers in Wake of Supreme Court Ruling

**Everytown For Gun Safety:** Here's what you need to know about NYSRPA v. Bruen

Home (/)  /  New Application Instructions

# New Application Instructions

As of January 1, 2018, the NYPD License Division will only be accepting on-line applications for handgun licenses, rifle/shotgun permits, and renewals.  Applications on paper will no longer be accepted.

If you require assistance regarding a handgun license application, please call the License Division, during normal business hours, at (646) 610-5560.  For rifle/shotgun license applications, call (718) 520-9300.

**Please read these instructions before applying for a license or permit.**

**Application and renewal fees are non-refundable.**

### Current or Former Licensees or Permit Holders

If you currently have, or have ever had, a license or permit from the New York City Police Department License Division and you wish to apply for an additional handgun license or rifle/shotgun permit, you must contact the License Division at (646) 610-5551 for further instructions before registering your account.

### Overview of Handgun License and Rifle/Shotgun Permit On-Line Application Process

1. Determine the TYPE OF LICENSE OR PERMIT for which you would like to submit an application (Premise Residence, Premise Business, Carry Business, Carry Guard/Security, Limited Carry, Gun Custodian, Retired Law Enforcement Officer, Special Carry, or Rifle/Shotgun permit). See below for a brief description of each type of license.  The license/permit term is three years.  Licenses/permits must be renewed every three years.

2. Be aware of ELIGIBILITY REQUIREMENTS set forth in federal, state, and local law.  Some of the main requirements are that you must be at least 21 years of age, of good moral character, and not in a condition -- mental or physical -- that would make it unsafe for you to possess a firearm.  A background check is conducted, in which numerous factors are considered, including, but not limited to, any history of arrests, summonses, domestic violence, orders of protection, mental illness, or mental/physical conditions and any medications taken in connection therewith.  (Relevant statutes and rules include, but are not limited to, New York State Penal Law Section 400.00; Title 18 of the United States Code, Sections 921 and 922; Title 10 of the New York City Administrative Code, Section 301, and the sections immediately thereafter; and Title 38 of the Rules of the City of New York, particularly Chapters 3 and 5).

3. Review LICENSE APPLICATION FEES.  The application fee for a handgun license and for renewal is $340 (three hundred and forty dollars).  The application fee for a Rifle/Shotgun permit is $140 (one hundred and forty dollars).  The fingerprint fee is $88.25 (eighty eight dollars and twenty five cents).  Fees must be paid by credit card or money order (Postal or U.S. Bank). Money orders should be made payable to the "New York City Police Department."

   Certain retired law enforcement officers who were employed in New York State are not required to pay the handgun license application fee; however, all applicants must pay the fingerprint fee.  In addition, all applicants for a rifle/shotgun permit must pay the application fee.

   After you have determined the type of license or permit for which you wish to apply:

Case 1:23-cv-01139-UA   Document 1   Filed 02/07/23   Page 36 of 42

4. You must first register/create a profile using your e-mail address. Click on the "Register" link in the upper right-hand corner on this page, and enter the required information.

5. Complete the on-line application.

6. Certain documents and forms must be submitted as part of your application. There are fields on the application to which they must be uploaded. To access forms, click on the drop-down menu next to your name in the upper-right-hand corner of the screen, as indicated below.



7. After you have completed and submitted your on-line application, you will be required to upload additional documents. You can upload these additional documents as follows: Click on "Submitted." Click on your application number. Follow the upload instructions as indicated below.



8. When you have completed your application, click on "Finalize and Submit," after which you will no longer be able to make changes to your application, other than uploading additional documents.

9. NYPD License Division will contact you to schedule a date and time for you to come to NYPD License Division to pay applicable fees and be fingerprinted. You must bring with you originals of all uploaded documents.

10. Your application will be reviewed, and you will be notified of any missing documents and forms.

11. After your application and all required documents/forms have been received and reviewed, you will be scheduled for an in-person interview (except for rifle/shotgun permit applicants, who, generally, are not required to appear for interview).

12. Within approximately six months of receipt of your handgun application, and all required documents/forms, you will receive a letter informing you whether your application was approved.

## Renewals

If you have already been issued a license or permit by the NYPD License Division, and your license or permit is up for renewal, you will receive a letter with instructions for submitting an on-line renewal application. You will not be able to submit your on-line renewal application until after you have received these instructions. As of January 1, 2018, we are no longer accepting renewal applications on paper; only on-line renewal applications will be accepted.

# License and Permit Types

The NYPD issues several different types of handgun licenses, with varying restrictions. The information below will help you determine which type of handgun license is appropriate for you.

**PREMISES LICENSE**: This is a **restricted** type of license. It is issued for your residence or business. The Licensee may possess a handgun ONLY on the premises of the address indicated on the front of the license. Licensees may also transport their handguns and ammunition in separate locked containers, directly to and from an authorized range or hunting location. (For hunting, an endorsement from NYPD License Division is required, in addition to a New York State hunting license). **Handguns must be unloaded** while being transported.

**CARRY BUSINESS LICENSE**: This license permits the carrying of a handgun concealed on the person. It is valid for the business name, address, and handguns listed on the license. It is not transferable to any other person, business, occupation, or address, without the written approval of the License Division's Commanding Officer. This license may also be issued for safety reasons unrelated to business.

**LIMITED CARRY BUSINESS LICENSE**: This is a **restricted** type of license. The licensee may only carry handguns indicated on the license in accordance with the specific limitations listed thereon. At all other times, the handgun must be safeguarded within the confines of the address listed on the front of the license, either concealed on the licensee's person in a proper holster or stored unloaded in a locked safe.

**SPECIAL CARRY LICENSE**: The Special Carry License is valid for the business name, address and handguns listed on the license, only while the licensee has in his possession a valid carry county license issued according to the provisions of article 400 of the N.Y.S. Penal law. Upon the revocation, suspension, or cancellation of the basic county license, the Special Carry License is rendered void and must be immediately returned to the License Division. **(For Retired Law Enforcement officers who wish to apply for a Special Carry handgun license, follow the instructions listed below-"INSTRUCTIONS FOR LAW ENFORCEMENT (NON-NYPD) RETIREES WHO RESIDE OUTSIDE OF NEW YORK CITY").**

**CARRY GUARD LICENSE**: (security guards, etc.) This is a restricted type of license. Applications for this type of license must be made with the documentation provided by a company's gun custodian. It is issued only for the handgun listed on the license. The handgun may be carried only while the licensee is actively engaged in employment for the company whose name appears on the license and/or while licensee is in transit directly to or from residence and place of employment. At all other times, the handgun must be stored unloaded in a locked container, at either the address on the license or at the employee's legal residence (within the State of New York).

**RIFLE/SHOTGUN PERMIT**:
This permit is issued for the possession and purchase of rifles and shotguns.

**LAW ENFORCEMENT RETIREE LICENSE**:
This type of license is for retired Law Enforcement Officers.

## INSTRUCTIONS FOR NYPD RETIREES WHO RESIDE IN NEW YORK CITY

Case 1:23-cv-01139-UA    Document 1   Filed 02/07/23   Page 38 of 42

**We recommend that approximately three (3) weeks prior to your anticipated retirement date, you submit an on-line handgun license application. Failure to submit your <u>completed</u> application on-line at least three (3) weeks prior to your anticipated retirement date will delay processing of your application.**

As part of your on-line application, you **MUST** upload the following forms/documents. To access required forms, click on the drop-down menu next to your name in the upper-right-hand corner of the screen. Failure to upload required forms/documents will delay processing of your application.

## <u>Required Forms/Documents</u>

1. **Passport size photo (no hats or glasses, except religious articles) (upload in "Recent Photograph" field)**
2. **NYS Driver's License (upload in "Identity Verification" field)**
3. **Front and back of your Active Department ID card (upload in "Identity Verification" field)**
4. **Proof of Date of Birth (upload your driver's license in "Proof of date of birth" field)**
5. **Proof of Residence (upload your current driver's license in "Proof of Residence" field)**
6. **Acknowledgement of Person Agreeing to Safeguard Firearms form, and, also, government photo identification of the person agreeing to safeguard firearm(s) (upload in "Safeguard Acknowledgement" field)**
7. **Affidavit of Co-Habitant form (must be notarized) (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
8. **Affidavit of Familiarity with Rules and Laws (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
9. **Law Enforcement Firearm Removal Inquiry (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
10. **If you have more than 4 guns you must upload a photo of your safe open and closed (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**

Any additional forms/documents can be uploaded after you have submitted your application as follows: Click on "Submitted." Click on your application number. Follow the upload instructions.

**You must bring originals of all uploaded forms and documents when you appear at License Division.**

**ONCE YOUR APPLICATION HAS BEEN SUBMITTED, IT WILL BE REVIEWED. WHEN ALL OF THE REQUIRED DOCUMENTS/FORMS ARE UPLOADED, YOU WILL BE NOTIFIED TO APPEAR AT THE LICENSE DIVISION RETIREE UNIT AT ONE POLICE PLAZA, ROOM 110A, BETWEEN 0900 AND 1500 HOURS, TO BE FINGERPRINTED. THERE IS A ONE TIME FINGERPRINT FEE OF $88.25 (EIGHTY EIGHT DOLLARS AND TWENTY FIVE CENTS). THIS FEE MUST BE PAID BY MONEY ORDER OR CREDIT/DEBIT CARD. PERSONAL CHECKS ARE NOT ACCEPTED.**

**On Your Last work Day:**
First, report to the Police Pension Fund, 233 Broadway, 19th floor, New York, NY.
Next, report to One Police Plaza, 5th floor, to be issued your "Retired" identification card, HR-218 (if applicable) and your "Good Guy letter."
Next, report to the License Division Retiree Unit, One Police Plaza, Room 110A, with your ID card stamped "**Retired**." Bring the following listed items with you:

1. RETIRED I.D. CARD **WITH NO RESTRICTIONS**
2. PISTOL LICENSE INQUIRY FORM "Good Guy letter"
3. PROPERTY RECEIPT-DISCONTINUANCE OF SERVICE FORM
4. <u>**ORIGINALS OF ALL UPLOADED DOCUMENTS**</u>

5. H.R. 218 CARD IF APPLICABLE

All NYC Police Department retirees must submit their **Pistol License Inquiry Response** form (PD 643-155, a.k.a. "Good Guy letter") and their **Property Receipt/Discontinuance of Service** form (PD 520-013). You are not required to voucher your firearms if you have received a **Law Enforcement Officers Safety Act Firearm Certification Card** (a.k.a. H.R. 218 card) or if your license will be issued on your retirement date. Follow instructions of License Division personnel regarding license issuing procedure.

**A Retired Law Enforcement handgun license will not be issued to you if you did not receive a Pistol License Inquiry Response form (PD 643-155) a.k.a. a Good-Guy letter), or if your ID card is stamped "No Firearms."**

## INSTRUCTIONS FOR LAW ENFORCEMENT (NON-NYPD) RETIREES WHO RESIDE IN NEW YORK CITY

As part of your on-line application, you **MUST** upload the following forms/documents. To access required forms, click on the drop-down menu next to your name in the upper-right-hand corner of the screen. Failure to upload required forms/documents will delay processing of your application.

## Required Forms/Documents

1. **Passport size photo (no hats or glasses except religious articles ) (upload in "Recent Photograph" field)**
2. **NYS Driver's License (uploaded in "Identity Verification" field)**
3. **Front and back of your retired ID card (uploaded in "Identity Verification" field)**
4. **Proof of Date of Birth (Birth Certificate or US Passport) (upload in "Proof of date of birth" field)**
5. **Proof of Residence (current Utility bill – cell phone bills are not accepted) (upload in "Proof of Residence" field)**
6. **Acknowledgement of Person Agreeing to Safeguard Firearms form, and, also, government photo identification of the person agreeing to safeguard firearm(s) (upload in "Safeguard Acknowledgement" field)**
7. **Affidavit of Co-Habitant form (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
8. **Affidavit of Familiarity with Rules and Laws (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
9. **Law Enforcement Firearm Removal Inquiry (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
10. **"Good Guy" letter (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
11. **Social Security Card (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
12. **If you have more than 4 guns you must upload a photo of your safe open and closed (upload in "Affidavit of Co-habitant (and any other additional documents)" field**

Any additional forms/documents can be uploaded after you have submitted your application as follows: Click on "Submitted." Click on your application number. Follow the upload instructions.

**You must bring originals of all uploaded forms and documents when you appear at License Division.**

Your **Certificate of Service** (also known as a Good-Guy letter) must be on agency letterhead, signed by the agency head or a designated representative, and should contain the following information about the applicant:

- Name, rank and social security number
- Date of appointment and date of retirement from your agency
- Certification that the applicant has no record of mental illness, and was authorized by the agency to carry firearms at time of retirement.
- A statement that: (1) the applicant's firearm(s) were never removed for medical or departmental reasons, or (2) if firearms were ever removed, the dates of removal and restoration, and a statement explaining the reason for the removal and the reason for the restoration of the authority to carry firearms.
- A statement that the applicant is not under investigation by the agency.
- A statement that the applicant has no disciplinary action pending.
- A statement that there are no reasons why a handgun license should not be issued to the applicant.
- The letter must also state the **make, model, caliber and serial number** of the weapon(s) owned or possessed by the applicant in the course of his or her official duties.

**If your agency is safeguarding your firearm(s) until your license is issued, provide a copy of the handgun receipt from your agency.**

Retirees from Federal Law Enforcement agencies, and retirees who are not eligible for the fee waiver provided by Penal Law §400.00(14) or NYC Administrative Code §10-131(a)(7) are required to pay an **application fee of $340.00**. This fee may be paid by credit card or by money order, or bank check. Payments are to be to the "New York City Police Department." Personal checks or cash are not accepted.

**ONCE YOUR APPLICATION HAS BEEN SUBMITTED, IT WILL BE REVIEWED. WHEN ALL OF THE REQUIRED DOCUMENTS/FORMS ARE UPLOADED, YOU WILL BE NOTIFIED TO APPEAR AT THE LICENSE DIVISION RETIREE UNIT AT ONE POLICE PLAZA, ROOM 110A, BETWEEN 0900 AND 1500 HOURS, TO BE FINGERPRINTED. THERE IS A ONE TIME FINGERPRINT FEE OF $88.25 (EIGHTY EIGHT DOLLARS AND TWENTY FIVE CENTS). THIS FEE MUST BE PAID BY MONEY ORDER OR CREDIT/DEBIT CARD. PERSONAL CHECKS ARE NOT ACCEPTED.**

## INSTRUCTIONS FOR LAW ENFORCEMENT (NON-NYPD) RETIREES WHO RESIDE OUTSIDE OF NEW YORK CITY

Some retired law enforcement officers who **reside outside of NYC** must obtain a NYC Special Carry license, in addition to a carry license from their resident county, in order to be properly licensed in NYC. If the county license does not state "retired police officer" or "retired federal law enforcement officer," a NYC Special Carry license is required. **Those who require a Special Carry license** must show "proper cause" for the need to carry in NYC, and **must obtain a carry license from their resident county prior to applying for a Special Carry license in New York City.**

As part of your on-line application, you MUST upload the following forms/documents before submitting your application. Failure to upload required forms/documents will result delay in processing of your application.

## Required Forms/Documents

1. **Passport size photo (no hats or glasses except religious articles ) (upload in "Recent Photograph" field)**
2. **NYS Driver's License (uploaded in "Identity Verification" field)**
3. **Front and back of your retired ID card (uploaded in "Identity Verification" field)**
4. **Proof of Date of Birth (Birth Certificate or US Passport) (upload in "Proof of date of birth" field)**

5. **Proof of Residence (current Utility bill – cell phone bills are not accepted) (upload in "Proof of Residence" field)**
6. **Acknowledgement of Person Agreeing to Safeguard Firearms form, and, also, government photo identification of the person agreeing to safeguard firearm(s) (upload in "Safeguard Acknowledgement" field)**
7. **Affidavit of Co-Habitant form (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
8. **Affidavit of Familiarity with Rules and Laws (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
9. **Law Enforcement Firearm Removal Inquiry (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
10. **"Good GUY' letter (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
11. **Social Security Card (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
12. **If you are applying for a Special Carry license, upload the front and back of your County license (upload in "Affidavit of Co-habitant (and any other additional documents)" field)**
13. **If you have more than 4 guns you must upload a photo of your safe open and closed (upload in "Affidavit of Co-habitant (and any other additional documents)" field**

If you require assistance regarding a handgun license application, please call the License Division, during normal business hours, at (646) 610-5560. For rifle/shotgun permit applications, call (718) 520-9300. For Retired Law Enforcement handgun license applications, please call (646) 610-5536.

## **Working with Handgun License Consulting Firms**

Consulting companies are not required to be used to apply for New York City handgun licenses or rifle/shotgun permits. These firms **cannot** obtain a handgun license or rifle/shotgun permit for you if you do not qualify, nor can they expedite your application. As an applicant, you should be aware that such services are not required or endorsed by the New York City Police Department and that **only an attorney licensed by the State of New York can represent you before the License Division.** You should also understand that any fees you pay to a consulting firm are in addition to those required by law and collected by the License Division. Neither the License Division nor consulting companies can guarantee the issuance of a handgun license or rifle/shotgun permit to any person. Each application is reviewed on its merits and under the qualifying criteria set forth by law.

Copyright © 2023. All rights reserved.                    (http://www.adxstudio.com)