UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL C. CARTER,

                        Plaintiff,

-against-

KEECHANT L. SEWELL, et al.,

                        Defendants.

1:23-cv-01139 (JLR)

**ORDER OF SERVICE**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Darryl C. Carter, of the Bronx, New York, brings this *pro se* action asserting claims under 42 U.S.C. § 1983, seeking declaratory and injunctive relief as well as costs.[1] Plaintiff sues the following officials, all in their respective official capacities: (1) Keechant L. Sewell, the Police Commissioner of the City of New York; (2) Kathy Hochul, the Governor of the State of New York; and (3) Letitia James, the Attorney General of the State of New York.[2] Plaintiff appears to challenge, on their face and in their application, New York State and City laws and regulations concerning the prohibition of possession of a firearm by a person located in a "sensitive location" within New York State, including in a homeless shelter and in an adult

---

[1] On February 13, 2023, Plaintiff filed motions for the issuance of summonses and for service by the U.S. Marshals Service, as well as for permission for electronic case filing, respectively. *See* ECF Nos. 4, 6.

[2] Plaintiff additionally names as Defendants, in the text of his Complaint but not in its caption, unidentified defendants "DOES 1-25," whom Plaintiff describes as "social network actors who have links/ties/connections/affiliations with one or more federal and/or state public officials who actively have sought to stalk, harass, and threatened to [sic] bodily injury and/or kill plaintiff." ECF No. 1 at pg. 15 ¶ 3.

shelter, as well as the application process for a concealed-carry firearm license issued in New York City. *See generally* ECF No. 1.

By order dated February 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Sewell, Hochul, and James through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses for these Defendants, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the Complaint is not served on Defendants Sewell, Hochul, and James within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date that summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue summonses for Defendants Sewell, Hochul, and James; complete USM-285 forms with the addresses of these Defendants; and deliver all documents necessary to effect service on these Defendants to the U.S. Marshals Service.

The Court denies Plaintiff's motion for the issuance of summonses and for service by the U.S. Marshals Service as moot. *See* ECF No. 6.

The Court denies Plaintiff's motion for permission for electronic case filing (*see* ECF No. 4) without prejudice to Plaintiff completing and filing the Southern District of New York's "Motion for Permission for Electronic Case Filing" form, which is attaching to this Order and available here: https://www.nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases.

Dated:  March 14, 2023          SO ORDERED.
        New York, New York

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge

3

**DEFENDANTS AND SERVICE ADDRESSES**

1. Keechant L. Sewell
   Police Commissioner of the City of New York
   One Police Plaza
   New York, New York 10038

2. Kathy Hochul
   Governor of the State of New York
   New York State Capitol Building
   Albany, New York 12224

3. Letitia James
   Attorney General of the State of New York
   28 Liberty Street, 16th Floor
   New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

-against-

_____

_____

Write the full name of each defendant or respondent.

No. \_\_\_\_\_CV_____

**MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING**

I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I affirm under penalty of perjury that:

1. I have reviewed the Court's Electronic Case Filing Rules & Instructions, available at http://nysd.uscourts.gov/ecf_filing.php, and agree to abide by them.

2. I completed the Court's CM/ECF introduction course[1] on _____.

3. I have submitted a Non-Attorney E-File Registration for the PACER system at https://www.pacer.gov/reg_nonatty.html.

4. I understand that once I register for e-filing, I will receive notices and documents only by e-mail in this case and not by regular mail.

5. I understand that if I am granted permission to participate in e-filing, I must file my documents electronically and I may not submit documents to the Pro Se Intake Unit for scanning and docketing.

6. I know how to convert a document to PDF-A format.

7. I have regular access to the technical requirements necessary to e-file successfully:

    ☐ a computer with internet access and a word processor

    type of computer I will be using: _____

---

[1] You may register for the course on the Court's website: http://nysd.uscourts.gov/ecf_training.php.

       type of word processor I will be using: _____

☐ an e-mail account (on a daily basis) to receive notifications from the Court and notices from the e-filing system

☐ a scanner to convert documents that are only in paper format into electronic files

       scanning equipment I will be using: _____

☐ a PDF reader and a PDF writer to convert word-processing documents into PDF format, the only electronic format in which documents can be e-filed

       version of PDF reader and writer that I will be using:

       _____

☐ a printer or copier to create required paper copies such as chambers copies.

8. I understand that I must regularly review the docket sheet of the case so that I do not miss a filing.

9. I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper.

_____    _____
Dated                                             Signature

_____
Name

_____  _____  _____  _____
Address                         City                State     Zip Code

_____    _____
Telephone Number                      E-mail Address

2