UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL C. CARTER,<br><br>                            Plaintiff,<br><br>      -against-<br><br>KEECHANT L. SEWELL, et al.,<br><br>                          Defendants. | 1:23-cv-01139 (JLR) (RWL)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

      On April 11, 2023, *pro se* Plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure ("Rule") 73(b)(3), to vacate the Court's order of reference to the Magistrate Judge. *See* ECF No. 22. Plaintiff objects that the Magistrate Judge's order denying Plaintiff's application for service by publication (*see* ECF No. 20) was incorrect, and that the referral of certain proceedings in this action to the Magistrate Judge prejudices Plaintiff and burdens his constitutional rights. *See* ECF No. 22. The Court previously referred this case to the Magistrate Judge for General Pretrial Purposes, dispositive motions, and resolution of Plaintiff's then-pending order to show cause purportedly against the "Help-Desk" for the Southern District of New York. *See* ECF No. 15.

      Rule 73(b)(3) provides that, "when a party shows extraordinary circumstances . . . the district judge may vacate a referral to a magistrate judge under this rule." "The 'extraordinary circumstances' standard is a high bar that is difficult to satisfy." *Savoca v. United States*, 199 F. Supp. 3d 716, 721 (S.D.N.Y. 2016). Rule 73 principally concerns the consent of parties to proceed before a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c), not where a court, like here, has referred an action for certain purposes to a magistrate judge under 28

U.S.C. § 636(b).  Nevertheless, assuming Rule 73 applies, the Court has reviewed and considered the papers submitted by Plaintiff and finds that Plaintiff has not shown "extraordinary circumstances."  Accordingly, Plaintiff's motion to vacate is DENIED.

Although this case is only a couple months old, Plaintiff has already filed a motion for an order to show cause "with respect [to] the intentional misconduct in the S.D.N.Y. Help-Desk Office and/or the PACER facility" (ECF No. 14), and an order for alternative service of process based on an alleged "pattern of problems with the U.S. Marshal Service" (ECF No. 18).  "Courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities."  *Shah v. United States*, No. 22-777, 2022 WL 17747787, at *1 (2d Cir. Dec. 19, 2022) (quoting *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993)).  The Court warns Plaintiff not to abuse his opportunity to litigate.

Dated: April 13, 2023
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge