UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL C. CARTER,

                     Plaintiff,

-against-

KEECHANT L. SEWELL, et al.,

                     Defendants.

1:23-cv-01139 (JLR) (RWL)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff, proceeding *pro se*, commenced this action on February 7, 2023.  ECF No. 1. The Complaint and Amended Complaint assert one cause of action pursuant to 42 U.S.C. § 1983, challenging firearm regulation in New York on Second Amendment grounds.  *See id.* ¶¶ 14-21; ECF No. 65-3 ¶¶ 14-21.  On October 17, 2023, Plaintiff moved for an emergency temporary restraining order.  ECF No. 69.  For the following reasons, Plaintiff's motion for a temporary restraining order is DENIED.

    "A temporary restraining order . . . is an extraordinary remedy that will not be granted lightly."  *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997).  The purpose of a temporary restraining order is limited to preserving "an existing situation *in statu[s] quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction."  *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002) (quoting *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989)).  In considering the appropriateness of a temporary restraining order, courts "must examine whether the movant[] has[] demonstrated a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order, while the temporal context of a preliminary

injunction takes a longer view." *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020). Thus, the "demonstration of irreparable harm must be considered in conjunction with the time frame involved." *Id.*

Aside from the issue of immediate relief, the standard for granting a temporary restraining order and preliminary injunction is the same. *Jackson*, 962 F. Supp. at 392. "To obtain a preliminary injunction against government enforcement of a statute, the [movant] must establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm if the injunction is not granted, (3) that the balance of the equities tips in its favor, and (4) that the injunction serves the public interest." *Sam Party of N.Y. v. Kosinski*, 987 F.3d 267, 273-74 (2d Cir. 2021). To demonstrate a likelihood of irreparable harm, the plaintiff bears the burden of showing that "the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

Here, Plaintiff has not shown the urgency required to meet the stringent standard for a temporary restraining order. Plaintiff filed his Complaint on February 7, 2023. ECF No. 1. Plaintiff then filed numerous documents on the docket over the ensuing months. However, Plaintiff waited over eight months, until October 17, 2023, to move for a temporary restraining order. ECF No. 69. Although "delay does not always undermine an alleged need for [injunctive] relief, months-long delays in seeking . . . injunctions have repeatedly been held by courts in the Second Circuit to undercut the sense of urgency." *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 439 (E.D.N.Y. 2013). Because a temporary restraining order is a mechanism for emergency relief, Plaintiff's "failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for [temporary injunctive] relief and suggests that there is, in fact, no

irreparable injury." *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (citation omitted). Indeed, "any . . . presumption of irreparable harm is inoperative if the plaintiff has delayed" in moving for temporary injunctive relief. *Id.* Moreover, Plaintiff's alleged harm is too speculative to justify emergency relief. Accordingly, the Court finds that Plaintiff has failed to demonstrate irreparable harm sufficient for a temporary restraining order. *See, e.g.*, *Omnistone Corp.*, 485 F. Supp. 3d at 367, 369 (denying motion for a temporary restraining order based on alleged constitutional violations because the plaintiff failed to show "irreparable harm that will occur *immediately*").

Lastly, Plaintiff has not shown that the temporary injunctive relief he seeks would serve the public interest or that the equities tip in his favor. *See Sam Party of N.Y.*, 987 F.3d at 273-74. Given Plaintiff's failure to satisfy these requirements, the Court need not reach the issue of likelihood of success on the merits.

Plaintiff's request for a preliminary injunction will be addressed by Judge Lehrburger, along with Defendants' motion to dismiss, after briefing is received pursuant to the schedule set forth in Judge Lehrburger's Order dated October 18, 2023. *See* ECF No. 74.

For these reasons, Plaintiff's motion for a temporary restraining order is DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 69, 73, 76, 77, and 78.

Dated: October 31, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge